1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISAIAH BROWN,                          No. 2:17-CV-00396-KJM-DB

12              Plaintiff,

13          v.                              ORDER

14   ELK GROVE UNIFIED SCHOOL
     DISTRICT,
15
                Defendant.
16

17

18          Plaintiff, a recent high school graduate, sues Elk Grove School District for denying

19   him access to play on several Varsity basketball teams because of his behavioral disability.  The

20   District moves to dismiss the first amended complaint, arguing plaintiff cannot show

21   discriminatory animus nor show he was otherwise qualified for these high-level, selective teams.

22   Mot., ECF No. 9; District Mem., ECF No. 9-1.  Alternatively, the District moves to strike certain

23   allegations as irrelevant.  *Id*.  Plaintiff opposes.  ECF No. 17.  The court heard the matter on

24   November 3, 2017.  ECF No. 21.  As explained below, the court DENIES the District's motions.

25   I.     BACKGROUND

26          Plaintiff Isaiah Brown, who had previously played on Franklin High School's

27   traveling basketball teams, was praised as one of the school's best Junior Varsity basketball

28   players.  First Am. Compl. ("FAC"), ECF No. 7, ¶¶ 5, 7.  Yet he was the only Junior Varsity

1

player not invited to the school's summer 2014 basketball program, an unofficial prerequisite to joining the Varsity team. *Id*. ¶ 9. Soon afterwards, the Varsity coach denied plaintiff a spot on the team's roster. *Id*. Although the coach claimed he cut plaintiff for lacking "defensive awareness," plaintiff alleges this reason was pretext, noting the coach told others he was "not going to deal" with plaintiff because "all he does is get upset" and "emotional" so he would not be a good fit. *Id.*

Plaintiff's volatility derives from his "emotional disturbance" disability, for which he received special education services under an Individual Educational Program ("IEP"). *Id.* ¶ 8 (listing disability's manifestations as including emotional outbursts, anger, defiance, yelling and swearing). In November 2014, one month after the Varsity coach cut plaintiff, plaintiff's mother complained to the District that the exclusion was discriminatory. *Id*. ¶ 10. In December 2014, the District denied her complaint. *Id*.

Determined to play Varsity basketball, plaintiff transferred within the District to Consumnes Oaks High School for his senior year, 2015 to 2016. *Id.* ¶¶ 5, 11. He was a starter in that school's 2015 summer league, a good indicator he would play Varsity. *Id*. ¶ 11. The Varsity team's assistant coach initially praised plaintiff as a "very strong" player who would "make a big impact." *Id*. Yet, after tryouts, plaintiff was the only consistent summer league player who did not make the Varsity team. *Id.* ¶ 13. The head coach told plaintiff, "I'm not sure you're going to fit in my roster," but not "because of your talent[,]" it is because "you're just a player with a lot of energy and [you] get very emotional." *Id*. ¶¶ 13-14. Soon after, one of plaintiff's former coaches e-mailed the head coach warning him plaintiff was qualified and should not be excluded because of his disability. *Id.* ¶ 16. Plaintiff's mother filed a second discrimination complaint and requested an intra-District school transfer. *Id*. ¶ 17.

Plaintiff immediately transferred to Pleasant Grove High School. *Id*. ¶¶ 5, 18. The District's athletic director said plaintiff would be "allowed to try-out for the varsity basketball team at his new school." *Id.* ¶ 17. In December 2015, even though the Varsity team needed qualified players and promoted Junior Varsity players to meet the team's needs, plaintiff was not
/////

allowed to try out. *Id.* ¶ 19. Plaintiff alleges "on information and belief" the school's Varsity coach was told plaintiff had a "bad attitude" and would be "trouble." *Id.*

These multiple transfers and rejections affected plaintiff's academic performance and emotional health. *Id.* ¶ 20. For instance, in a January 2016 IEP team meeting, plaintiff's mother explained the importance of basketball to plaintiff's academic progress, offering documentation. *Id.* ¶¶ 20-21. The IEP team agreed with the correlation, but deemed basketball an "extracurricular" activity; the District ignored plaintiff's repeated requests to practice with the team. *Id.* ¶¶ 21-22. Although plaintiff had previously received an academic scholarship to play college basketball in Wyoming, it was rescinded for his lack of Varsity experience. *Id.* ¶ 25. He now attends Sacramento City College without a basketball scholarship and as a "red-shirt freshman." *Id.* ¶ 26.

Plaintiff brings three claims against the District: (1) Disability discrimination under Title II of the Americans with Disabilities Act ("ADA"); (2) disability discrimination under § 504 of the Rehabilitation Act; and (3) failure to implement § 504's implementing regulations. *See generally* FAC. Plaintiff initially brought two negligence claims as well, but has since dismissed them. *See* Stipulation, ECF No. 8.

II.     DISTRICT'S MOTION TO DISMISS

The District moves to dismiss all three operative claims, arguing it did not exclude plaintiff because of his disability; and that he simply was not Varsity material given his emotional state. *See* District Mem. at 15-16. The District explains plaintiff was given an equal opportunity to participate on a Varsity basketball team, but when shaping their teams the coaches could not ignore his blatant behavioral issues. *Id.* As explained below, plaintiff has alleged enough to withstand dismissal at this stage of litigation.

A.     Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pled factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

B.  Claims One and Two: Disability Discrimination

To establish a disability discrimination claim under Title II of the ADA or under § 504 of the Rehabilitation Act, plaintiff must allege (1) he has a qualified disability; (2) he was entitled to participate in a public entity's services, program, or activities; (3) he was excluded from such services, programs or activities; (4) either partially (under Title II) or solely (under § 504) based on his disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (citation omitted) (listing Title II elements); *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990) (citations omitted) (listing § 504 elements); *see also Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("We examine cases construing claims under the ADA, as well as section 504 of the Rehabilitation Act, because there is no significant difference in the analysis of rights and obligations created by the two Acts.") (citation omitted). Because he seeks damages, plaintiff must also plead (5) the District's deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (citations omitted). Plaintiff has plausibly pled each element.

That the first and third elements are sufficiently pled is undisputed: Plaintiff has a qualifying disability, FAC ¶ 8, and he was excluded from Varsity basketball teams at public high schools in the District, *id.* ¶ 50 (listing exclusions). The sufficiency of the allegations supporting the remaining elements is disputed.

As to plaintiff's "entitlement" to be on Varsity, the District contends plaintiff's behavioral outbursts, regardless of the basis for them, rendered him unfit for Varsity team

membership. District Mem. at 12. The District relies on the case of *C.O. v. Portland Pub. Sch.*, which clarifies educational institutions are not compelled to "disregard the disabilities of handicapped individuals or to make substantial modifications in their programs to allow disabled persons to participate"; the rule is merely that "a person who is 'otherwise qualified'" may not be excluded "based upon his [] disability." 679 F.3d 1162, 1169 (9th Cir. 2012) (citation omitted); *see* District Mem. at 11. "To be 'otherwise qualified,' an individual must be able to meet all of a program's requirements in spite of his handicap." *C.O.*, 679 F.3d at 1169 (citations omitted). Although the evidence may later prove plaintiff's behavioral outbursts meant he did not meet the requirements for temperament of a Varsity player, plaintiff's allegations, construed in his favor, plausibly show he "met all of [Varsity's] requirements in spite of his handicap." *Id.*; *see* FAC ¶¶ 5, 7, 11, 13 (highlighting plaintiff's talent and his praise from coaches). Dismissal on this basis is unwarranted.

As to causation, the District contends again that plaintiff was denied a position on the Varsity team based on inadequate qualifications; he was not denied a Varsity position based on his disability. District Mem. at 14. But the complaint plausibly alleges plaintiff's disability drove the exclusion. He was the only Franklin Junior Varsity player not promoted to Varsity, *id.* ¶ 9, and the only consistent Consumnes summer league player not promoted to Varsity, *id.* ¶ 13. When faced with a "noticeable lack of players," Pleasant Grove's Varsity coach promoted Junior Varsity players rather than selecting plaintiff for the team, *id.* ¶ 19. Indeed, all the Varsity coaches based plaintiff's exclusion on his emotional state at least in part, *id.* ¶¶ 8-9, 13-14, 19, 28, and the complaint directly links plaintiff's emotional state to his disability, *id.* ¶ 8. These allegations are enough at the pleading stage.

Finally, the allegations plausibly state the District acted with deliberate indifference. The District knew about plaintiff's behavioral issues. *Id.* ¶¶ 8, 21-22, 24, 28. The District knew plaintiff was denied a Varsity spot because of his behavior: Coaches openly stated as much, plaintiff's mother twice filed discrimination complaints and his former coach warned others plaintiff was qualified so his disability should not prohibit him from playing, *id.* ¶¶ 10, 16-17, 24. It is also plausible to infer from the complaint that the District noticed his decline in

academic performance and well-being, as evidenced by the January 2016 IEP meeting during which plaintiff's mother drew this link, and by her repeated requests for this meeting, *id.* ¶¶ 20-21.

In short, at the pleading stage, a plaintiff need not prove discrimination; he must merely plead a plausible discrimination claim. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) (explaining prima facie discrimination case is an "evidentiary standard, not a pleading requirement."). Plaintiff has met this requirement here. His ADA and § 504 disability discrimination claims therefore survive dismissal.

C.    Claim Three: Section 504 Implementing Regulations

Students may bring a private right of action against a school district for violating section 504's "reasonable accommodation" and "meaningful access" implementing regulations. *Mark H. v. Lemahieu*, 513 F.3d 922, 937-38 (9th Cir. 2008). Here, plaintiff alleges the District violated the regulations identified as 34 C.F.R. § 104.37(a)(1)[1] and 34 C.F.R. § 104.37(c)(1)[2] by providing neither reasonable accommodations nor meaningful access. FAC ¶¶ 47-48.

1.    Reasonable Accommodations

Plaintiff's reasonable accommodation theory as pled survives dismissal. When an entity is on notice of needed accommodations, it "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69 ("A.G.")*, 815 F.3d 1195, 1207 (9th Cir. 2016) (citation omitted).

Plaintiff alleges the District knew about his behavioral issues, knew how central basketball was to his life, and knew three Varsity coaches cited his emotional instability, a

---

[1] "[The District] shall provide non-academic and extracurricular services and activities in such manner as is necessary to afford handicapped students an equal opportunity for participation in such services and activities." 34 C.F.R. § 104.37(a)(1).

[2] "In providing physical education courses and athletics and similar aid, benefits, or services to any of its students, [the District] may not discriminate on the basis of handicap. A recipient that offers physical education courses or that operates or sponsors interscholastic, club, or intramural athletics shall provide to qualified handicapped students an equal opportunity for participation." 34 C.F.R. § 104.37(c)(1).

manifestation of his disability, as reason to exclude him; yet the District neither investigated the issue nor attempted accommodations.  *See* FAC ¶¶ 8-9, 13-14, 19, 50.

Regarding accommodations, plaintiff cites his IEP team's conclusion that playing basketball would increase his wellbeing and academic performance and alleges the District denied him a reasonable accommodation by refusing to let him at least practice with the team. FAC ¶¶ 22, 24.  The District's briefing explains why it believes this theory should ultimately fail. *See* District Mem. at 18 (allowing accommodations "would be highly unfair to the [nondisabled] students who earned their spot on a varsity basketball roster"; "[p]ractice is the time where coaches dedicate time to their players' progress" so this "request is highly unreasonable.").  But at the pleading stage, the court does not evaluate the request's reasonableness; the court need only assess the complaint's sufficiency.  Plaintiff has plausibly pled that the District knew he was denied access to Varsity basketball teams based on his disability, yet did nothing to investigate this exclusion or accommodate him with alternate arrangements.  This theory survives.

### 2.    Meaningful Access

Plaintiff's meaningful access theory also survives dismissal.  A plaintiff may pursue such a theory by pleading a violation of a § 504 implementing regulation that "denied [him] meaningful access to a public benefit."  *A.G.*, 815 F.3d at 1204 (citation omitted).  Plaintiff alleges Pleasant Grove specifically denied him an equal opportunity to participate on Varsity despite his qualifications, in violation of 34 C.F.R. § 104.37(c)(1), by refusing to let him try out for the team.  FAC ¶¶ 17-19.  These allegations are sufficient to plead a plausible "meaningful access" denial claim.  This theory survives as well.

### D.    Conclusion

Plaintiff has sufficiently pled all three operative claims.  The court DENIES the District's motion to dismiss.

## III.    DISTRICT'S ALTERNATIVE MOTION TO STRIKE

Alternatively, the District asks the court to strike certain allegations as irrelevant. *See* District Mem. at 22-23.  A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The District

asks the court to strike nine paragraphs from the complaint as irrelevant and immaterial. District Mem. at 22-23 (citing FAC ¶¶ 18-19, 21-22, 32, 35, 40, 42, 50).

The District raises two arguments to support its strike motion, both of which this court rejects. First, the District argues allegations pertaining to Pleasant Grove High School's refusal to offer plaintiff a tryout are irrelevant, reasoning plaintiff was not entitled to one because he enrolled well after tryouts concluded and the team had been selected. District Mem. at 23. But the allegations are relevant in context: Plaintiff alleges the District's athletic director said he would be "allowed to try-out for the varsity basketball team at his new school." FAC ¶ 17. The refusal to offer him a tryout could plausibly show discrimination. Plaintiff alleges the team still had a "noticeable lack of players" at the time, and the coaches recruited from Junior Varsity instead of selecting plaintiff. *Id.* ¶ 19.

Second, the District argues allegations pertaining to the January 2016 IEP meeting, which occurred after plaintiff was denied a tryout, are irrelevant to claims of discrimination. District Mem. at 22. But these allegations, which link basketball to plaintiff's academic success, are relevant to damages and the claim the District denied him the reasonable accommodation of at least practicing with the team, despite not making the roster.

The court DENIES the District's motion to strike.

IV.     CONCLUSION

As explained above, the court DENIES the District's motion in FULL. The District shall file its answer within 14 days.

IT IS SO ORDERED.

This resolves ECF No. 9.

DATED:  February 20, 2018.

_____
UNITED STATES DISTRICT JUDGE