UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAIAH BROWN,

    Plaintiff,

v.

ELK GROVE UNIFIED SCHOOL DISTRICT,

    Defendant.

No. 2:17-cv-00396-KJM-DB

ORDER

Defendant Elk Grove Unified School District asks the court to seal certain documents it intends to file in support of its summary judgment motion. ECF No. 35. In particular, defendants say, the documents discuss or involve plaintiff's medical and/or mental health and educational records. *Id.* For the reasons explained below, defendant's request is DENIED without prejudice.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect

1

against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598. As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136.

The Eastern District of California and this court have adopted rules to clarify the procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 24, emphasize the requirement that parties comply with the law and the rules in making any sealing request. While the court should not have to remind a party of its orders setting out essential ground rules of a case, set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the insufficient request to seal presented by defendant.

Here, contrary to the court's scheduling order, defendant moves to seal plaintiff's medical and educational records; however, the sealing request, submitted for in camera review, makes clear it is plaintiff who truly seeks protection of these records, not defendant. Therefore, it

is plaintiff who should be submitting the request, having obtained notice of the defendant's plan to file the documents. ECF No. 24 at 5. Moreover, defendant submits roughly 280 pages for the court's consideration, without narrowly identifying those documents or excerpts of documents that actually contain sensitive material that qualifies for sealing. While defendant provides a generalized discussion of authority it says supports sealing of all 280 pages, its discussion does not meet the rigorous standards required by the applicable law. A cursory review of the documents suggests instead that many of the records presented are not eligible for sealing, and defendant provides no compelling reasons the court should find otherwise. For these reasons, the court cannot grant such a sweeping request.

The court's order is without prejudice to renewal, taking account of the rules reviewed above. In light of the impending summary judgment filing deadline, the court is willing to entertain a stipulated request to extend the summary judgment filing deadline to allow for exhaustion of the sealing question or defendant's reevaluation, in consultation with plaintiff, of whether sealing is justified or alternately whether a request for limited redaction may be appropriate. *See* E.D. Cal. L.R. 140.

For these reasons, defendant's request to seal is DENIED.

IT IS SO ORDERED.

DATED: August 9, 2019.

_____
UNITED STATES DISTRICT JUDGE