UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH BROWN, | Case No. 2:17-cv-00396-KJM-DB |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ELK GROVE UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

The court previously denied defendant Elk Grove Unified School District's request to seal certain documents it intends to file in support of its summary judgment motion. ECF No. 35 (request to seal); Prior Order, ECF No. 36. The court noted that because plaintiff sought the protection of sealing, plaintiff should submit the request for sealing. Prior Order at 2−3. Further, upon reviewing defendant's cursory analysis, the court found the requested wholesale sealing of 280 pages of documents unsupported. *Id.* at 3. The court's denial was without prejudice to a renewed and properly supported request. *Id.* The parties now jointly request the court redact specified portions of exhibits to be filed in support of defendant's anticipated motion for summary judgment. ECF No. 40. After reviewing the parties' memorandum and exhibits submitted for in camera review, and incorporating the court's prior order, the court GRANTS the parties' request.

In light of legitimate privacy concerns, the court GRANTS the parties' request to redact telephone numbers and home addresses in Albiani Declaration Exhibit 2 at EGUSD 648 and Exhibit 3 at EGUSD 654; Edmiston Declaration Exhibit 7 at EGUSD 897; and Hoffman

1

Declaration Exhibit 7 at EGUSD 1248.[1] *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming order authorizing redaction of law enforcement officers' home addresses); *Kemper Indep. Ins. Co. v. Wells*, No. 117CV01612AWISAB, 2018 WL 558791, at *1 (E.D. Cal. Jan. 25, 2018) (authorizing redaction of defendants' home addresses); *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (authorizing redacting "the names, address, telephone numbers, dates of birth and ages for the non-party individuals").

Plaintiffs also seek to redact seven paragraphs of the Phillips Declaration, eight exhibits to the Phillips declaration, seven paragraphs of the Rayner Declaration and approximately one page of defendant's memorandum in support of its motion, arguing the specified portions, some of which compose plaintiff's Individualized Education Plans ("IEPs") or Behavior Intervention Plans ("BIPs"), "describe the specific placement (classroom setting), goals, services, and/or accommodations that Plaintiff received as a minor disabled student with the District pursuant to state and federal law, including the Individuals with Disabilities Education Act ('IDEA'), 20 U.S.C. § 1400, et seq." Request at 4 (emphasis omitted). These records contain private, sensitive information about plaintiff's medical and educational history and plaintiff's privacy interests as to this information justifies redaction. *Cf. A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (finding "compelling confidentiality concerns outweigh the presumption of public access" with respect to medical and juvenile court records). Accordingly, the court also GRANTS the parties' request to redact Phillips Declaration Paragraphs 4, 7−11, 13, 15 and Exhibits 10−17; Rayner Declaration ¶¶ 4, 6−11; and defendant's memorandum of points and authorities at 6:21-7:15.

/////

/////

/////

---

[1] The parties did not submit an exhibit bearing Bates number EGUSD 1248. However, consistent with the court's findings regarding privacy concerns, defendant may redact plaintiff's mother's home address from this exhibit.

2

The request to seal is GRANTED. The Clerk of the Court is instructed to SEAL ECF No. 41 to preserve the record[2] and defendant is ORDERED to file its motion and supporting exhibits, redacted as provided in this order, no later than September 24, 2019.

IT IS SO ORDERED.

DATED: September 18, 2019.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The parties filed a stipulation to extend defendant's deadline to move for summary judgment the evening before that deadline was set to expire. ECF No. 39. Before the court had an opportunity to address the parties' stipulation, defendant filed an unredacted version of their motion on the public docket. ECF No. 41. The court has now granted the parties' stipulation. ECF No. 42.